**McCormick v. Duffy**

*Thomas R. Kimmel,* for plaintiff.
*Timothy B. Barnard,* for defendant.

SAND, J., October 11, 1972.—Following argument and submission of briefs, this court, per the Hon. Paul R. Sand, dismissed defendant's preliminary objections to venue on May 23, 1972.

June 6, 1972, on motion and petition of defense counsel, this court, per the Hon. Robert A. Wright, granted a rule upon plaintiff to show cause why the court should not reconsider the order of May 23, 1972. The rule was made returnable September 11, 1972. By inadvertence, the rule was made absolute on the same day. However, the order making the rule absolute was rescinded July 25, 1972, and defendant's petition and rule were argued before the court en banc on September 11, 1972.

This opinion and order is in disposition of the petition for reconsideration.

We have reviewed defendant's preliminary objections, briefs submitted in support thereof and opposition thereto, our order dismissing the objections, defendant's petition for reconsideration and briefs submitted in support thereof and in opposition thereto, and find that we did understand the legal positions of the parties and ruled thereon. We see no reason to reconsider our decision.

Plaintiff's action is alternatively in trespass or assumpsit and arises out of defendant's alleged malpractice in failing to institute suit on a fire loss within the applicable statue of limitations. Since the fire was in this county, suit could have been brought here and, hence, defendant's act of *omission* occurred here (as well as elsewhere), making venue in this county proper.

Accordingly, we enter the following

## ORDER

And now, to wit, this October 11, 1972, it is ordered and decreed that defendant's petition for reconsideration be and the same is hereby denied. Defendant may file his answer within 20 days of this order.